IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

EARNEST LEE HERBIN,            )
                               )
            Petitioner,        )
                               )
      v.                       )    1:06CV572
                               )
GRADY J. HAYNES, Supt. of Warren )
Correctional Inst.,            )
                               )
            Respondent.        )

**RECOMMENDATION OF MAGISTRATE JUDGE ELIASON**

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 1, 2004, in the Superior Court of Rockingham County, Petitioner pled guilty to felony larceny of a motor vehicle by a habitual felon in cases 03 CRS 7044 and 03 CRS 51967. (Docket No. 6 Ex. 1.) As reflected by a Judgment and Commitment entered the next day, he was sentenced to 80 to 105 months of imprisonment. (Id. Ex. 2.) Petitioner did not pursue a direct appeal. However, on October 28, 2005, Petitioner signed and filed a motion for appropriate relief in the Rockingham County Superior Court. (Id. Ex. 4.) Petitioner pursued his motion for appropriate relief in the appellate courts of North Carolina, but to no avail.

When his attempts at relief in the state courts were unsuccessful, Petitioner signed the present petition on June 20, 2006 and filed it in this Court on June 28, 2006. (Docket No. 2.) In the petition, he raises three claims for relief, all of which are related to the valuation of the car that he pled guilty to

stealing.  He alleges that the car was not of sufficient value to make the charge a felony and that his attorney was ineffective for failing to properly research the car's value.  He also claims to have "new evidence" on the issue in the form of Kelley Blue Book valuations.  Respondent seeks to have all of the claims dismissed.

Respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA").  28 U.S.C. § 2244(d)(1).  The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996.  Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).  The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000).  Where a petitioner does not file a direct appeal, the conviction is final at the time judgment is entered.  United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001).  Here, the Judgment was entered on June 2, 2004, Petitioner did not appeal, and his conviction became final on that date.  He then did nothing for more than a year and the one-year period expired without him seeking relief in this Court.

---

[1]A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing.  Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

It is true that the one-year limitation period is tolled while state post-conviction proceedings are pending. Harris, supra. The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, when the one-year period expires before a petitioner seeks collateral relief in the state courts, the one-year period is not revived by subsequent attempts at state court relief. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000). While Petitioner's one-year period expired in June of 2005, his first attempt at relief in the state courts was filed in October of 2005. This filing did not restart or toll the one-year limitation period.[2]

Finally, the Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling. Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when the petitioner has been unable to assert claims because of wrongful conduct of the state or its officers. A second exception is when there are extraordinary circumstances, such as when events are

---

[2] Petitioner refers to his car valuation evidence as "new evidence." It is not clear, but this may be a reference to 28 U.S.C. § 2244(d)(1)(D). Under that subsection, the AEDPA limitation period can begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." If he is making this argument, it fails. Whatever evidence exists concerning the car's value also existed at the time of Petitioner's guilty plea and could have been gathered at that time.

-3-

beyond the prisoner's control and the prisoner has been pursuing his rights diligently. <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005); <u>Harris</u>, <u>supra</u>; <u>Akins v. United States</u>, 204 F.3d 1086 (11th Cir. 2000). Circumstances are beyond a prisoner's control if he has been prevented in some extraordinary way from exercising his rights. See <u>Smith v. McGinnis</u>, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. <u>Harris</u>, <u>supra</u>; <u>Turner v. Johnson</u>, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. <u>Taliani v. Chrans</u>, 189 F.3d 597 (7th Cir. 1999); <u>Sandvik</u>, 177 F.3d 1269. Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling. <u>Akins</u>, 204 F.3d 1086.

Petitioner states that equitable tolling applies in his case due to the lack of access to legal materials in the North Carolina prison system. This argument fails for several reasons. First, it appears to fall into the categories of arguments rejected in <u>Harris</u>, <u>Turner</u>, and <u>Akins</u>. Second, he does not explain how any lack of access to legal materials impeded his raising the claims which are raised in his petition. As already noted, those claims are mainly factual, not legal, in nature and are based primarily on automobile valuation evidence. Such evidence would not likely be

contained in a legal library.  This means that it was as available at all times to Petitioner as it was when he eventually filed his motion for appropriate relief and habeas petition.  Finally, Petitioner does not tell why he was supposedly unable to file his petition or attempts at collateral state review during the first year after his conviction, but was able to file them later.  He states that he relied on word of mouth from other prisoners to make his filings, but fails to explain why this approach took more than a year.  He has simply not demonstrated the diligent pursuit of his rights that is necessary to entitle him to equitable tolling and his claims are time-barred.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 5) be granted, that the habeas petition (docket no. 2) be denied, and that Judgment be entered dismissing this action.

_____
United States Magistrate Judge

January 16, 2007